### BROWN v. BROWN.

PARTNERSHIP—EVIDENCE.
Evidence examined in a suit for a partnership accounting instituted by the wife of deceased as administratrix of his estate, and *held*, to sustain the finding of the circuit court that decedent had no interest in the firm transactions as a partner.

Appeal from Huron; Beach, J. Submitted April 16, 1913. (Docket No. 69.) Decided May 28, 1913.

Bill by Addie F. Brown as administratrix of the estate of Walter Brown, deceased, against Albert Brown, Levi Brown, Frank Brown, and George Brown,

for an accounting. From a decree for defendants, complainant appeals. Affirmed.

*James H. Hall (Frank W. Atkinson,* of counsel), for complainant.

*George W. Bates* and *George M. Clark,* for defendants.

BIRD, J. The complainant states in her bill that she is the widow of Walter Brown, and that she has been appointed administratrix of his estate, and charges that in the year 1906 the deceased, Walter Brown, with his father, Levi Brown, and his four brothers, George, Albert, Harvey, and Frank, purchased the schooner Jennie Ward for $1,800; each contributing $300 toward the purchase price; that the use to be made of the boat was to carry lumber on the Great Lakes, and that one cargo of lumber was purchased by them at Cheboygan and taken to Harbor Beach where they resided; that in April, 1907, Walter and Harvey were drowned, and soon thereafter the schooner was sold by George for $1,800, and the cargo of lumber was disposed of by him at a profit. She further charges that the father and five boys were copartners in the deal, and that since the death of her husband they have refused to account to her for her husband's interest in the boat and cargo. The bill prays for an accounting and a winding up of the affairs of the copartnership. The answer denies that any copartnership existed, and denies that Walter had any interest in the boat and cargo, and asserts that the boat was purchased by George, Harvey, and Albert and was conveyed to them, and that subsequently Harvey and Albert released their interest to George, who had in fact furnished all the money that went into the boat.

After the testimony had been presented to the chancellor at the hearing, he denied relief and dismissed the bill, giving as a reason therefor that in his

opinion there was not competent evidence upon which to base a decree for complainant. From this decree complainant appeals.

The father (Levi), George, and Albert were called as witnesses by complainant, and they all testified that George, Albert, and Harvey were the owners of the boat. The father and Frank testified that they never had any interest in either the boat or cargo. The complainant testified that each of the six put in $300 to purchase the boat, and that after Walter's death George consulted her about selling the boat for the same as they had paid for it, and after it was sold she demanded Walter's interest, but he refused to turn it over to her on the ground that if he should do so the court might make him pay it again to the children. Complainant shows no facts nor circumstances in corroboration of her claim that Walter put money into the boat. There is no showing that he had $300 nor that he was one of the vendees named in the bill of sale, and no proof was offered to show that he furnished any of the money to purchase the lumber, nor that it was sold at a profit, although complainant says that she thinks "the load made money." Her testimony has the appearance of being based largely upon hearsay, although no objection was made to it on that ground. The testimony of George was very unsatisfactory and is entitled to little credence; but, if we were to disregard it altogether, we would still be obliged to hold with the trial court that complainant had failed to establish the material allegations in her bill.

The decree made in the trial court will be affirmed, with costs to defendants.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and OSTRANDER, JJ., concurred.